IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS,
MARSHALL DIVISION

| | | |
|---|---|---|
| DANIEL COWLES and<br>KANDACE COWLES<br><br>Plaintiffs,<br><br>v.<br><br>LOWE'S HOME CENTERS, INC.<br><br>Defendant. | § § § § § § § § § § § | CIVIL ACTION NO.: 2-03CV-190 DF |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW, Daniel and Kandace Cowles (hereafter "Plaintiffs"), in the above-entitled and numbered cause of action, and files this Complaint against Lowe's Home Centers, Inc. (hereafter "Defendant"), and would respectfully show the Court as follows:

### I. PARTIES

1. The Plaintiffs are citizens of the State of Texas. Their place of residence is 4605 Prescott Circle in Flower Mound, Texas. Plaintiffs are residents of the Eastern District of Texas.

2. The Defendant is a resident, but not a citizen, of the State of Texas. The Defendant is a citizen of North Carolina. It is incorporated under the laws of North Carolina and maintains its principle place of business at 1605 Curtis Bridge Road, Wilkesboro, North Carolina. The Defendant may be served with process through its registered agent, CT Corporation System, 350 N. St. Paul St., Dallas, Texas, 75201.

COMPLAINT 1

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction because this action arises under 28 U.S.C. §1332.

4. Plaintiffs are citizens of the State of Texas. Defendant is a citizen of North Carolina. The amount in controversy exceeds $75,000.00, excluding costs and interest. Therefore, there is complete diversity of citizenship.

5. Venue is proper in the Eastern District of Texas under 28 U.S.C. §1391 (a). The events or omissions giving rise to these claims occurred at one of the Defendant's many stores in the Eastern District of Texas.

6. Venue is also proper in the Eastern District of Texas under 28 U.S.C. §§1391 (a) and (c). Defendant resides and is subject to personal jurisdiction in the Eastern District of Texas due to its continuous and systematic contact in the Eastern District, in addition to the fact that the specific contacts giving rise to these claims occurred within the Eastern District.

## III. CONDITIONS PRECEDENT

7. Plaintiffs assert that all conditions necessary for the maintenance of this action have been performed or have occurred.

## IV. FACTUAL BACKGROUND

8. On June 5, 2002, Plaintiffs entered the Defendant's store at 1051 Stemmons Freeway in Lewisville, Texas, which is located in the Eastern District. Plaintiff Daniel Cowles followed his wife, Plaintiff Kandace Cowles, into the store through the front doors.

9. After passing by the return desk, Plaintiff Kandace Cowles heard a loud noise. When she turned around, she saw her husband, Plaintiff Daniel Cowles, laying on the store's floor unconscious.

10. Plaintiff Daniel Cowles was struck in the head and left shoulder by a piece of masonite siding (hereafter "the product"), being carried and/or controlled by one of the Defendant's employees.

11. Plaintiff remained unconscious between thirty seconds to one minute.

## V. COUNT ONE

### Negligence

12. Plaintiffs reallege paragraphs 1 through 11, as set forth in this complaint, <u>verbatim</u>.

13. Plaintiffs would show that at all times relevant to this suit, Defendant owed Plaintiffs a legal duty of care, that Defendant breached this duty to Plaintiffs and proximately caused Plaintiffs to sustain injury and actual damages as a result.

## VI. COUNT TWO

### Strict Liability

14. Plaintiff realleges paragraphs 1 through 13, as set forth in this complaint, <u>verbatim</u>.

15. Plaintiffs would show that at all times relevant to this suit, the product in question was and is unreasonably dangerous by reason of defects in design, manufacture and/or marketing. Plaintiffs would show that the aforementioned product defects were a producing cause of the injuries and damages sustained by Plaintiffs. Plaintiffs would show that Defendant was a retail seller of the product.

## VII. COUNT THREE

### Premises Liability

16. Plaintiff realleges paragraphs 1 through 15, as set forth in this complaint, <u>verbatim</u>.

17. Plaintiffs would show that at all times relevant to this suit, they were invitees to a premises owned and occupied by the Defendant. Plaintiffs would show that a condition at the

Defendant's premises created and posed an unreasonable risk of harm and danger. Plaintiffs would show that the Defendant either knew of or should have known of the risk of harm and danger. Plaintiffs would show that the failure of Defendant to adequately warn them of the risk or harm and danger and/or make the premises reasonably safe was a breach of Defendant's legal duty to the Plaintiffs that proximate caused the injuries and damages sustained by Plaintiffs.

## VIII. ACTUAL DAMAGES

18. As a direct and proximate result of Defendant's conduct, Plaintiffs suffered the following damages: (1) past and future medical expenses; (2) physical impairment; (3) past and future loss of earning capacity and lost earnings; (4) past and future pain and suffering; (5) past and future mental anguish; (6) emotional distress, anguish and shock by reason of Plaintiff Kandace Cowles' contemporaneous observation as a bystander; (7) loss of consortium; (8) loss of household services.

## IX. PUNITIVE DAMAGES

19. The Defendant's acts or omissions were malicious as defined by Texas law and entitle the Plaintiff to recover punitive or exemplary damages.

## X. PRAYER

FOR THESE REASONS, Plaintiff asks for judgment against Defendant for the following:

    a. Actual damages;

    b. Punitive damages;

    c. Pre-judgment and post-judgment interest, at the highest lawful rate;

    d. All costs of court; and

e. All other relief, in law or in equity, that the court deems appropriate.

                        Respectfully submitted,

                        **LAW OFFICES OF R. JACK AYRES, JR., P.C.**

By: _____
                        R. JACK AYRES, JR.
                        State Bar No. 01473000
                        **CHRISTOPHER S. AYRES**
                        State Bar No. 24036167
                        4350 Beltway Drive
                        Addison, Texas 75001
                        (972) 991-2222
                        Fax: (972) 386-0091