

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

DANIEL COWLES AND KANDACE COWLES

    Plaintiffs,

V.

LOWE'S HOME CENTER, INC.

    Defendant/Third-Party Plaintiff,

V.

JAMES HARDIE BUILDING PRODUCTS INC.

    Third-Party Defendant.

CIVIL ACTION NO. 2:03CV190

Jury

## ORIGINAL THIRD-PARTY COMPLAINT

TO THE HONORABLE COURT:

COMES NOW, DEFENDANT LOWE'S HOME CENTER, INC., Defendant and Third-Party Plaintiff herein, and pursuant to Rule 14 of the FEDERAL RULES OF CIVIL PROCEDURE, files this its Original Third-Party Complaint and in support thereof would respectfully show the Court the following:

### I. PARTIES

1.    Lowe's Home Centers, Inc. is a corporation duly formed and existing under the laws of the State of North Carolina. Third-Party Plaintiff is authorized to transact business in the State of Texas and maintains a registered agent in Texas.

2.    James Hardie Building Products Inc. is a corporation duly formed and existing under the laws of the State of Nevada and engaged in business in the State of Texas. James



Hardie Building Products, Inc., Third-Party Defendant, may be served by serving its Registered Agent, CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction because this action arises under 28 U.S.C. §1332.

4. Third-Party Plaintiff is a citizen of the State of North Carolina. Third-Party Defendant James Hardie Building Products Inc. is a citizen of the State of Nevada. Daniel Cowles and Kandace Cowles has plead that the amount in controversy exceeds $75,000.00, excluding costs and interest. Third-Party Plaintiff's claim is for indemnity against Third-Party Defendant, and therefore, Third-Party Plaintiff seeks indemnity from Third-Party Defendant for any amount awarded to Plaintiff, if any, in this matter.

5. While Third-Party Plaintiff denies that venue is proper in the Marshall Division of the United States District Court for the Eastern District of Texas pursuant to 28 U.S.C. §1404, Third-Party Plaintiff asserts that venue is proper in the Eastern District of Texas under 28 U.S.C. §1391. The events or omissions giving rise to these claims occurred at one of the Third-Party Plaintiff's stores located in the Eastern District of Texas. Furthermore, Third-Party Defendant's product, which is the basis of this Third-Party Action, was sold or distributed at Third-Party Plaintiff's stores located in the Eastern District of Texas. Third-Party Defendant is subject to personal jurisdiction in the Eastern District of Texas due to their continuous and systematic contact in the Eastern District of Texas, in addition to the fact that the specific contacts giving rise to these claims occurred within the Eastern District of Texas.

## III. FACTUAL BACKGROUND

6. Third-Party Plaintiff was sued by Daniel Cowles and Kandace Cowles (hereinafter referred to as "Plaintiffs") from an incident that occurred on July 5, 2002. Plaintiffs

allege that after entering the Third-Party Plaintiff's store located at 1051 Stemmons Freeway in Lewisville, Texas, that Daniel Cowles was struck in the head and left shoulder by a piece of siding being carried and/or controlled by one of the Third-Party Plaintiff's employees. Daniel Cowles and Kandace Cowles allege that Daniel Cowles was caused to be unconscious because of such incident.

7.   Plaintiffs have sued Third-Party Plaintiff under the theories of negligence, strict products liability and premises liability. Plaintiffs allege that at all times relevant to this suit, the product in question was and is unreasonably dangerous by reason of defects in design, manufacture and/or marketing. Plaintiffs also allege that the aforementioned product defects were a producing cause of the injuries and damages sustained by Plaintiffs. Third-Party Plaintiff does not now nor has it ever been a manufacturer of the product in question and only was an innocent retailer of such product.

8.   On July 5, 2002, Third-Party Defendant was engaged in the manufacture and/or selling of the product made the basis of this lawsuit brought against Third-Party Plaintiff.

## IV. DUTY TO INDEMNIFY

9.   Third-Party Defendant is liable to Third-Party Plaintiff for indemnity for any and all sums it may be compelled to pay Plaintiffs as a result of the occurrence made the basis of Plaintiffs' suit as allowed by law, including; court costs, reasonable attorney fees, other reasonable costs, and any reasonable damages incurred by Third-Party Plaintiff to enforce the Third-Party Plaintiff's right to indemnification under §82.002 of the TEXAS CIVIL PRACTICES AND REMEDIES CODE, any applicable contractual obligations, or other applicable law.

## V. BREACH OF CONTRACT

10. In 2002, Third-Party Plaintiff and James Hardie Building Products Inc. executed a written contract. In pertinent part, the contract provides that the merchandise will be of good quality, material and workmanship, merchantable, fit for the purpose intended and free from any and all defects. While Third-Party Plaintiff still deny that the Plaintiffs' claims have merit, if it is found that such product was not of good quality, material and workmanship, merchantable, fit for the purpose intended and free from any and all defects, Third-Party Plaintiff asserts that Third-party Defendant James Hardie Building Products Inc. is in breach of the above-mentioned contract. As a result of such breach of contract, as set out herein, the Third-Party Plaintiff has been forced to incur attorneys fees and costs of court and defense.

11. Furthermore, pursuant to the contract described in Paragraph 10 above, James Hardie Building Products Inc. agreed to indemnify and hold harmless Third-Party Plaintiff "from and against any and all liability, losses, damage, arising out of any allegation of or actual misrepresentation or breach of warranty, expressed or implied, with respect to said merchandise; any alleged bodily injury or property damage related to the possession or use of said merchandise (excepting loss or injury resulting solely from the intentional misconduct or gross negligence of Lowe's)...." While Third-Party Plaintiff still assert that Plaintiffs' claims are without merit, Third-Party Defendant James Hardie Building Products Inc. has failed to indemnify and hold harmless Third-Party Plaintiff, and therefore, is in breach of such contract. As a result of such breach of contract, the Third-Party Plaintiff has been forced to incur attorneys fees and costs of court and defense.

## V. DAMAGES

12. As a direct result of Third-Party Defendant's conduct, Third-Party Plaintiff has suffered damages in having to incur court costs, attorneys fees and other costs of defense.

## VI. THIRD-PARTY PLAINTIFF'S PRAYER

13. Wherefore, premises considered, LOWE'S HOME CENTER, INC. pray for judgment that Third-Party Plaintiff be awarded complete indemnity, all attorneys fees and complete costs of court and defense against Third-Party Defendant James Hardie Building Products Inc., and for such other and further relief, both general and special, at law or in equity, to which Third-Party Plaintiff may be justly entitled.

Respectfully submitted,

BURFORD & RYBURN, L.L.P.

By: _____
Lisa A. Athens
State Bar No. 00783568
James H. Holmes, III
State Bar No. 09909000

3100 Lincoln Plaza
500 N. Akard
Dallas, TX 75201-6697
Telephone: (214) 740-3100
Telecopy: (214) 740-3125

ATTORNEYS FOR DEFENDANT AND THIRD-PARTY PLAINTIFF, LOWE'S HOME CENTER, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this date a true and correct copy of the foregoing document was served upon all attorneys in this proceeding with said service being effectuated by the following method:

    ✓ Certified Mail, Return Receipt Requested
    ___ Telecopy
    ___ Overnight Delivery Service
    ___ Hand Delivery

Dated: 10-1, 2003.

                                                LISA A. ATHENS
                                               JAMES H. HOLMES, III